**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS P. BERTALAN,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCI GRATERFORD STATE PRISON, et al.** | : | **NO. 18-69** |
| **Defendants.** | : | |

FILED

JAN 1 2018

By_____ Clerk

**MEMORANDUM**

**GOLDBERG, J.**                                                            **JANUARY 17, 2018**

Plaintiff Thomas P. Bertalan, a prisoner incarcerated at the State Correctional Institution

at Laurel Highlands, brings this action pursuant to 42 U.S.C. § 1983, based on allegations that he

was injured when he hit his head on a bunk bed while he was incarcerated at the State

Correctional Institution at Graterford for two days. He seeks to proceed *in forma pauperis*. For

the following reasons, the Court will grant Mr. Bertalan leave to proceed *in forma pauperis* and

dismiss his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTS**

On June 9, 2017, while Mr. Bertalan was sitting on the bottom bunk putting on boots, he was

startled by the sound of someone slamming the cell door. In response, he "quickly raised [his]

body up right [and] hit [his] head on [the] bottom of the top bunk bed." (Compl. at 3.)

According to Mr. Bertalan, two pieces of iron were welded to the top bunk bed for support, and

one of those pieces had a sharp edge "which created a hazard." (*Id.*) He also alleges there was

only two feet of room between the top and bottom bunk.

When Mr. Bertalan raised his body up, he hit his head on the sharp metal edge. As a result,

he needed two staples in his head and now has a scar as a result of the incident. He also alleges

1

that he was in pain, but that the medical department did not give him pain medication.

Accordingly, Mr. Bertalan filed this civil action against "SCI Graterford State Prison," the "Maintenance Dept." and the "Medical Dept." He seeks monetary damages.

## II. STANDARD OF REVIEW

The Court grants Mr. Bertalan leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Bertalan is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In order to bring suit under § 1983, Mr. Bertalan must allege that a person acting under color of state law deprived him of his constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). SCI-Graterford and its departments, including the medical department and maintenance department, are entitled to Eleventh Amendment immunity because they are essentially arms of the Commonwealth; they are also not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65–66 (1989) (concluding that an individual may not

---

[1] However, as Mr. Bertalan is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

sue a state in federal court under Section 1983 because a state is not a "person" under that section); *Pettaway v. SCI Albion,* 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). Accordingly, the complaint does not state a claim against the named defendants because the defendants are not amenable to suit under § 1983.

Mr. Bertalan's claims also fail on their merits. There are no allegations in the complaint that would allow this Court to find that Mr. Bertalan's constitutional rights were violated with respect to the condition of the bunk bed. Even if prison officials were negligent by failing to grind down the sharp edge of metal that injured Mr. Bertalan, negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. *See Davidson v. Cannon,* 474 U.S. 344, 347 (1986); *Daniels v. Williams,* 474 U.S. 327, 328 (1986).

Mr. Bertalan also has not stated a claim based on the failure to provide him pain medication. To state an Eighth Amendment claim, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004). Here, Mr. Bertalan has not alleged sufficient facts to support a plausible claim that any medical staff exhibited deliberate indifference to his serious medical needs.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Bertalan's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Bertalan cannot cure the defects in his claims against the named defendants and he also cannot cure the defects in his claims based on the condition of the jagged metal edge, which reflects only negligence. However, the Court will give Mr. Bertalan an opportunity to file an amended complaint in the event he can state a claim against an appropriate defendant based on the medical care he required after the incident. An appropriate order follows, which shall be docketed separately.